**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DERRICK D. BLACKMON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:07-CV-70 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Derrick D. Blackmon's motion for appointment of counsel in his action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

It is well established that a movant in a § 2255 proceeding has no constitutional right under the Sixth Amendment to representation by counsel. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)). "The provisions of the Sixth Amendment regarding the right to counsel 'in all criminal prosecutions' is not applicable to movants under 28 U.S.C. § 2255." McCartney v. United States, 311 F.2d 475, 476 (7th Cir. 1963). See also Ford v. United States, 363 F.2d 437 (5th Cir. 1966). "The fact that a motion under § 2255 is a further step in the movant's criminal case rather than a separate civil action . . . does not mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial regarding such matters as counsel, presence, confrontation, self-incrimination and burden of proof." Advisory Committee Note, 1976 Adoption (emphasis in original).

The appointment of counsel in a § 2255 proceeding is a matter solely within the discretion of the court.  United States v. Degand, 614 F.2d 176 (8th Cir. 1980); Tweedy v. United States, 435 F.2d 702, 703-04 (8th Cir. 1970) (citing Fleming v. United States, 367 F.2d 555 (5th Cir. 1966)); Richardson v. United States, 199 F.2d 333 (10th Cir. 1952).  Normally these collateral attacks do not warrant the appointment of counsel.  Tweedy, 435 F.2d at 703-04.

In the present case, the undersigned has examined the ineffective assistance of counsel claims raised by petitioner in his motion.  The undersigned has also examined the pleadings related to petitioner's claims.  A thorough review of these pleadings does not warrant the appointment of counsel in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED**.  [Doc. 12]

                **CHARLES A. SHAW**
                **UNITED STATES DISTRICT JUDGE**

Dated this 13th day of September, 2007.