**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DERRICK D. BLACKMON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:07-CV-70 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Derrick D. Blackmon's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On December 13, 2005, Blackmon was indicted by a grand jury on one count of knowingly distributing a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. 841(a)(1) (Count I); and one count of knowingly distributing a substance containing five grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1) (Count II).

On March 6, 2006, the government filed an Information to Provide Notice of Enhanced Sentence based on two of Blackmon's prior felony controlled substance offense convictions. One conviction was for Possession of a Controlled Substance (Case No. CF596-1009FX) and the other was for Sale of a Controlled Substance (Case No. CR500-295FX). These two prior convictions enhanced the mandatory minimum term of imprisonment applicable in Blackmon's case. For Count I, the penalty provision was increased to a term of imprisonment of not more than thirty years. For Count II, the penalty provision was increased to a mandatory minimum term of imprisonment of ten years.

On March 13, 2006, Blackmon pleaded guilty to Counts I and II of the indictment. Pursuant to the plea agreement, the parties recommended that the base offense level under U.S.S.G. § 4B1.1 was 37. The parties recommended a three level decrease for acceptance of responsibility. The parties agreed that Blackmon's criminal history category was VI. Blackmon admitted that he had two prior felony convictions of either a crime of violence or a controlled substance offense.

A Presentence Investigation Report ("PSR") recommended that Blackmon met the requirements for the application of the career offender provision, U.S.C.G. § 4B1.1, and thus the total offense level, after deducting the three levels for acceptance of responsibility, was 34. The two convictions that qualified Blackmon as a career offender were Burglary Second Degree (Case No. CR294-723F) and Sale of a Controlled Substance (Case No. CR500-295FX).

Blackmon's criminal history calculation included fourteen criminal history points, establishing a criminal history category of VI. In addition, his status as a career offender established a criminal history category of VI.

With a total offense level of 34 and a criminal history category of VI, Blackmon's sentencing range was 262 to 327 months. Blackmon did not object to the findings of fact contained in the PSR.

On June 21, 2006 the Court sentenced Blackmon to a term of imprisonment of 200 months, which was 62 months below the lowest end of the applicable guidelines range, followed by eight years supervised release, and a $200 special assessment.

Blackmon did not file any appeal concerning his sentence or conviction. In the § 2255 motion now before the Court, Blackmon asserts four claims. The Court will address each in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the petitioner complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

**Discussion.**

In his § 2255 motion, Blackmon asserts four grounds for relief, summarized as follows:

Ground I: Ineffective assistance of counsel for not objecting to the 21 U.S.C. § 851 Notice enhancement because one of the convictions identified was for Possession of a Controlled Substance, not trafficking, and the use of the possession conviction was improper.

Ground II: Ineffective assistance of counsel for not objecting to two prior felony convictions in his criminal history calculation based on his being seventeen years old at the time of the offense and because neither met § 4B1.2(b)'s definition of "controlled substance offense."

Ground III: Ineffective assistance of counsel for failing to object to the inclusion of Burglary Second Degree conviction. Blackmon claims the conviction should have been identified in the government's § 851 Notice for it to be used to qualify him as a career offender.

Ground IV: Ineffective assistance of counsel for not objecting to the conclusion that his Burglary Second Degree conviction was a "violent felony" under § 851 and U.S.S.G. § 4B1.2.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). If there is no merit to a claim, failure to raise it on appeal does not result in ineffective assistance under Strickland. Garrett, 78 F.3d at 1305.

**Ground I**

For his first ground for relief, Blackmon states that his trial counsel was ineffective because he did not object to the 21 U.S.C. § 851 Notice enhancement. Blackmon states that because one of the convictions identified was for Possession of a Controlled Substance, rather than trafficking, the use of the possession conviction for enhancement purposes was improper.

21 U.S.C. § 841(b)(1)(B) provides, in relevant part:

If any person [violates this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . ."

21 U.S.C. § 802(44) defines the term "felony drug offense" as:

an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 851 specifies the notice that United States Attorneys are required to file to "increase punishment by reason of one or more prior convictions." Based on the definition of "felony drug offense" in § 802(44), Blackmon's prior convictions for Felony Possession of Cocaine (Case Nos. CR294-268F and CR596-1009FX) were felony drug convictions. Pursuant to 21 U.S.C. § 851,

the government properly notified Blackmon that these convictions were going to be used to increase the applicable statutory punishment. Blackmon's argument that because these offenses were possession, rather than trafficking, and therefore their use for enhancement purposes was improper is without merit. Both offenses qualify as felony drug offenses pursuant to § 841. Furthermore, these convictions were not used to qualify Blackmon as a career offender under U.S.S.G. § 4B1.1. Blackmon's claim that the offenses did not meet §4B1.2(b)'s definition of "controlled substance offense" is therefore irrelevant. Because the substance of Blackmon's first ground for relief is meritless, he cannot show that trial counsel was ineffective for not raising it.

**Ground II**

For his second ground for relief, Blackmon claims his counsel was ineffective for not objecting to the inclusion of two prior felony possession of controlled substance convictions in his criminal history calculation. He states that because he was only seventeen at the time of one of the offenses and because neither of the convictions meet U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense," these offenses should not have been included in his criminal history.

Blackmon's claim that his conviction for Felony Possession of Cocaine (Case No. CR294-268F) was improperly used to compute his criminal history category is without merit. Blackmon was charged as an adult in that case. Pursuant to § 4A1.2(d)(1), if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, three points are to be added to his criminal history. See § 4A1.2(d)(1) and § 4A1.1(a). The PSR included three points for Blackmon's conviction in CR294-268F because Blackmon was convicted as an adult and received a four year suspended execution of sentence, which was ultimately revoked twice. PSR ¶ 32.

Next, Blackmon alleges that his second felony conviction for possession of cocaine (Case No. CR596-1009FX) should not be included in his criminal history calculation because U.S.S.G. §4B1.2(b) defines a controlled substance offense to include only offenses involving trafficking. Contrary to Blackmon's presumption, § 4B1.2(b)'s definitions apply only to § 4B1.1 and the career offender guideline provisions. Blackmon's second felony conviction for possession of cocaine was not used to apply the career offender guideline, and therefore it is irrelevant whether that career offender provisions would classify it as a "controlled substance offense." This offense was simply used to calculate Blackmon's criminal history category under § 4A1.1, a section that makes no reference to "controlled substance offenses."

**Ground III**

In his third ground for relief, Blackmon asserts that his counsel was ineffective for not objection to the inclusion of his Burglary Second Degree conviction (Case No. CR294-723F) in qualifying him as a career offender under § 4A1.1. Blackmon states that this conviction should have been identified in the government's § 851 Notice for it to be used to qualify him as a career offender.

Blackmon is mistaken. The government is not required to file a § 851 Notice for the career offender provision of the sentencing guidelines to apply. The career offender provisions apply if (1) defendant is at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense. See U.S.S.G. § 4B1.1.

Blackmon was properly categorized as a career offender in the PSR. He was twenty-nine years of age at the time of the offense; the charges to which he pled guilty were distribution of

cocaine base, i.e., controlled substance offenses; and Blackmon's prior conviction for Burglary Second Degree (Case No. CR294-723F) was a crime of violence; and Blackmon's prior conviction for Sale of Controlled Substance (Case No. CR500-295FX) was a controlled substance offense. The fact that the government did not identify Burglary Second Degree in its § 851 Notice is irrelevant to his status as a career offender pursuant to § 4B1.1. Plaintiff's third claim is without merit.

**Ground IV**

Finally, in his fourth claim for relief, Blackmon claims that his counsel was ineffective for not objecting to the conclusion that his Burglary Second Degree conviction (Case No. CR294-723F) was a "violent felony" under § 851 and U.S.S.G. § 4B1.2. Because § 851 does not address enhancements for prior "violent felony" convictions, Blackmon's claim as to § 851 is irrelevant and meritless. Section 851 merely enhances the statutory sentencing range for prior felony controlled substance offenses.

Blackmon's claim that Burglary Second Degree is not a "violent felony" under § 4B1.2 is also meritless. Section 4B1.2 specifically defines "crime of violence" to include "burglary of a dwelling." § 4B1.2(a)(2). The PSR reflects that Blackmon was convicted of Burglary Second Degree for burglarizing a building owned by a school district and stealing audio visual and computer equipment. In United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002), the Eighth Circuit held that burglary of a commercial building is a crime of violence within the meaning of § 4B1.2(a). Id. (citing United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996)). In a case similar to Blackmon's, United States v. Oman, 427 F.3d 1070, 1077 (8th Cir. 2005), the Eighth Circuit rejected the defendant's argument that his conviction for aiding and abetting a burglary of an elementary school was not a violent felony. Based on the definition of "crime of violence" contained in § 4B1.2(a) and Eighth Circuit case law,

Blackmon's conviction for Burglary Second Degree was properly considered a violent felony for purposes of finding him a career offender under § 4B1.1.

As stated above, to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. <u>Strickland</u>, 466 U.S. at 687. If there is no merit to a claim, failure to raise it on appeal does not result in ineffective assistance under <u>Strickland</u>. <u>Garrett</u>, 78 F.3d at 1305. Based on the Court's review and analysis of Blackmon's four claims for relief, the Court finds no merit to the claims, and therefore Blackmon cannot establish that his attorney was ineffective for failing to raise the sentencing argument at sentencing or on direct appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Derrick D. Blackmon's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Derrick D. Blackmon has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this    27th    day of October, 2008.